UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
SOUTH BEND DIVISION

| | | |
|---|---|---|
| JEROME ROBY, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | CAUSE NO. 3:13-cv-1081-JD-CAN |
| | ) | |
| DARRELL HIMELICK, *et al.*, | ) | |
| | ) | |
| Defendants. | ) | |
| | ) | |
| JEROME ROBY, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | CAUSE NO. 3:13-cv-1154-JD-CAN |
| | ) | |
| DAVID GILBERT, *et al.*, | ) | |
| | ) | |
| Defendants. | ) | |
| | ) | |

**REPORT AND RECOMMENDATION**

On April 14, 2014, Plaintiff, proceeding *pro se*, filed his "Notice: Reinstatement of Dismissal" in both cases listed in the caption above. On April 19, 2014, Defendants argued that Plaintiff's notice should be considered a motion for reconsideration under Fed. R. Civ. P. 60(b) and raised its opposition to the motion. No reply was filed. On May 22, 2014, Plaintiff's motion was referred to the undersigned for a report and recommendation pursuant to 28 U.S.C. § 636(b)(1)(C). For the following reasons, the undersigned recommends that the Court deny Plaintiff's motion.

**I.    RELEVANT BACKGROUND**

Before the Court are identical motions for reinstatement in both of Plaintiff's cases:

Cause No. 3:13-cv-1081-JD-CAN ("the '1081 case") and Cause No. 3:13-cv-1154-JD-CAN ("the '1154 case"). On October 7, 2013, Plaintiff filed his complaint and motion to proceed *in forma pauperis* in the '1081 case. The complaint raised constitutional claims based on his arrest and a search conducted by Defendants in February 2013. On October 15, 2013, the Court denied the IFP motion with leave to refile. On November 7, 2013, Plaintiff notified the Court that his address had changed from 816 South Galitan Street to 308 East 14th Street in Marion, Indiana. On November 12, 2013, the Court granted Plaintiff's amended motion for leave to proceed IFP.

On November 7, 2013, Plaintiff filed his complaint and motion to proceed IFP in the '1154 case, showing the 14th Street address. He raised additional constitutional claims regarding events surrounding his arrest in late October 2013 as well as a search of the 14th Street house. Starting in November 2013, shortly after Plaintiff notified the Court of his new address, mail from the Clerk of this Court to Plaintiff at the 14th Street address was consistently returned as undeliverable, marked by the Postal Service as "MOVED LEFT NO ADDRESS UNABLE TO FORWARD." *See* case '1081, Doc. Nos. 8, 9, 31, & 32; case '1154, Doc. Nos. 12 & 20. On January 24, 2014, the '1154 Defendants filed a motion seeking dismissal of the case for failure to prosecute and later showed that several items their counsel served on Plaintiff had also been returned. *See* case '1154, Doc. Nos. 15 & 17.

Notwithstanding the difficulties in getting mail to him, Plaintiff filed papers in both cases on February 3, 2014, but without any effort to correct his address. *See* case '1081, Doc. No. 24; case '1154, Doc. No. 14. On February 21, 2014, the Court stayed both cases and ordered plaintiff to provide a correct address, warning him that the cases would be dismissed if he did not respond by March 21, 2014. On February 24, 2014, the orders in both cases were returned as

undeliverable. In addition, Plaintiff's March 21st deadline passed without any response to the Court's order. As a result, the Court dismissed both lawsuits without prejudice on April 4, 2014. The order and judgment in the '1081 case were returned as undeliverable on April 7, 2014. The order and judgment in the '1154 case were presumably delivered because they were not returned to the Court as the '1081 order and judgment had been.

On April 14, 2014, Plaintiff filed identical documents in both cases entitled "Notice: Reinstatement of Dismissal," which the Clerk docketed as a motion for reinstatement. In his Notice, Plaintiff asks the Court to "grant the motion for reinstatement of dismissal pursuant to T.R. 41(F) in this matter" arguing that "pursuant to rule 60(B) it was Excusable neglect on the plaintiff part." Case '1081, Doc. No. 36; case '1154, Doc. No. 23. Plaintiff also states that (1) as of April 7, 2014, he had been residing at Grant County Jail, 214 E. 4th Street, Marion IN 46953; (2) his correct on address on January 24, 2014, was the 14th Street address and that someone, who Plaintiff did not identify, at that address sent papers back to the Court "while I was in the hospital for heart problems;" and (3) he received this Court's April 4, 2014, order at the 14th Street address. *Id.* A letter from Plaintiff filed on August 15, 2014, indicates that he is still in jail, but that his mail is currently going to the 14th Street address. The August 2014 letter also seems to allege that Defendants Gilbert and Stefanato (both cases) and Jay Kay (the '1154 case) intentionally changed Plaintiff's address to ensure that these lawsuits would not continue.

Meanwhile, the docket of the Grant Circuit Court shows that on November 12, 2013, the State of Indiana filed criminal charges against Plaintiff, and the state court issued an arrest warrant. Case '1081, Doc. No. 37-1; case '1154, Doc. No. 24-1. The arrest warrant was returned as served and an initial hearing held on April 10, 2014. *Id.*

3

## II. ANALYSIS

Before moving on to the merits of the instant motion, the undersigned must address two preliminary procedural issues. First, Plaintiff relies upon "T.R. 41(F)," presumably Indiana Rules of Trial Procedure 41(f), which allows the court to set aside a dismissal without prejudice within a reasonable time and for good cause shown, to support his argument. In a federal question case such as this, federal procedural law, as prescribed by the United States Supreme Court through the Federal Rules of Civil Procedure, rather than state procedural law applies. *See Erie R.R. Co. v. Tompkins*, 304 U.S. 64 (1938); *Hanna v. Plumer*, 380 U.S. 460, 464–65 (1965). Therefore, the undersigned will apply federal procedural standards in considering the instant motion.

Second, the undersigned agrees with Defendants that the instant motion should be treated as a motion for relief from a final under Fed. R. Civ. P. 60(b) rather than as a motion to alter or amend the judgment under Rule 59(e), despite filing the motion within the rule 59(e) time limit. The undersigned is particularly swayed by Plaintiff's direct reference to Rule 60(b) and "excusable neglect" in his motion. *See Ball v. City of Chicago*, 2 F.3d 752, 760 (7th Cir. 1993) ("If a litigant wants the benefit of whatever lowerthreshold of proof Rule 59(e) may offer, it behooves him to indicate that his motion is under Rule 59(e)"). Moreover, "Rule 59(e) does not provide a vehicle for a party to undo its own procedural failures, which is precisely what Plaintiff attempts in the motion here." *Harrington v. City of Chicago*, 433 F.3d 542, 546 (7th Cir. 2006) (internal quotations omitted). Therefore, the undersigned now proceeds to the merits of Plaintiff's motion applying the Rule 60(b) standard for relief from a final judgment.

Under Rule 60(b)(6), the court may relieve a party from a final judgment for any reason

justifying such relief.  Justifications for relief may include mistake, inadvertence, surprise, excusable neglect, newly discovered evidence, or fraud.  *See* Fed. R. Civ. P. 60(b).  The Seventh Circuit has repeatedly held that motions for reconsideration of an order or judgment serve limited functions, including correcting manifest errors of law or fact or presenting newly discovered evidence.  *Publishers Res., Inc. v. Walker-Davis Publ'ns, Inc*. 762 F.2d 557, 561 (7th Cir. 1985) (quotation omitted).  Simply put, motions for reconsideration are not to be used to advance arguments that the Court has already addressed and decided.  *See Caisse Nationale de Credit Agricole v. CBI Indus., Inc.,* 90 F.3d 1264, 1270 (7th Cir. 1996); *Stodola v. Finley & Co., Inc.*, No. 2:05-CV-464-PRC, 2008 WL 3992237, at *5 (N.D. Ind. Aug. 21, 2008).  In addition, "attorney carelessness can constitute 'excusable neglect' under Rule 60(b)(1), [but] attorney inattentiveness to litigation is not excusable, no matter what the resulting consequences the . . . somnolent behavior may have on a litigant."  *Harrington v. City of Chicago*, 433 F.3d 542, 546 (7th Cir. 2006) (internal citations omitted).

In light of the governing Rule 60 standard, Plaintiff's motion here is misplaced.  Plaintiff has not established any manifest error of law or fact in the Court's order dismissing these cases.  In addition, Plaintiff has not presented any newly discovered evidence to the Court.  Yet Plaintiff has attempted to establish excusable neglect by invoking the concept, without creating any connection between the alleged excusable neglect and any specific aspect of these cases.  Case '1081, Doc. No. 35 at 2, ¶4; case '1154 case, Doc. No. 23 at 2, ¶4.  Even assuming that Plaintiff's statement about excusable neglect refers to his failure to respond to this Court's order by the March 21, 2014, deadline, Plaintiff has not explained why the February 21st order, mailed to the 14th Street address, was returned.  As a result, the undersigned only views the returned

5

February 21st order as the final confirmation of Plaintiff's pattern of avoiding service of documents in these cases. Defendants' theory that Plaintiff was evading arrest becomes more plausible after reviewing the state court docket showing Plaintiff's ultimate arrest in April 2014, a few days after the Court dismissed these cases. Regardless, Plaintiff has only convinced the undersigned that he neglected these cases by avoiding service of documents throughout the litigation, not that his neglect was in any way excusable.

Nevertheless, the undersigned is mindful of the Court's obligation to liberally construe the pleadings of a *pro se* party. *Haines v. Kerner*, 404 U.S. 519, 521 (1972). As such, the undersigned goes one step further and considers the information Plaintiff shared with the Court in his August 2014 letter. Even considering this new—and arguably untimely—information, the undersigned is still not convinced that there are any reasons to justify relief from this Court's judgment or reinstatement of the dismissed cases. Plaintiff's letter, like his original "Notice" seeking relief from judgment, posits facts without any context. For instance, the letter may be implying that the returned mail was not his fault, but was the fault of Defendants Gilbert, Jay, and Stefanatos. Yet he provides no evidence in support of such serious allegations leaving the undersigned unable to recommend the reinstatement he requests.

Additionally, denying Plaintiff's motion, as recommended by the undersigned, will not result in any harm or prejudice to Plaintiff as the Court dismissed the cases without prejudice. Defendants agree and note that the statute of limitations has not expired leaving Plaintiff time to refile the cases even in his current status as a prisoner.

### III.   CONCLUSION

Because Plaintiff has not established any proper purpose or justification for relief from

this Court's judgment under Rule 60(b) and because he will not be prejudiced, the undersigned **RECOMMENDS** that the Court **DENY** his Rule 60(b) motion in both cases. [case '1081, Doc. No. 36; case '1154, Doc. No. 23].

> **NOTICE IS HEREBY GIVEN that within fourteen (14) days after being served with a copy of this recommended disposition, a party may serve and file specific, written objections to the proposed findings and recommendations. Fed.R.Civ.P. 72(b)(2). FAILURE TO FILE OBJECTIONS WITHIN THE SPECIFIED TIME WAIVES THE RIGHT TO APPEAL THE DISTRICT COURT'S ORDER.**

The Court **ORDERS** the Clerk to mail this order to Plaintiff, Jerome Roby at both (1) Grant County Jail, 214 E. 4th Street, Marion IN 46953; and (2) 308 E. 14th Street, Marion IN 46952.

**SO ORDERED.**

Dated this 2nd day of October, 2014.

                                              S/Christopher A. Nuechterlein
                                              Christopher A. Nuechterlein
                                              United States Magistrate Judge